Honorable Carole Roper Park State Representative, District 35 11415 Gill Street Sugar Creek, Missouri 64054
Dear Mrs. Park:
This letter is in response to your question asking whether Section 15 of Senate Substitute for House Bill 513 of the First Regular Session, 79th General Assembly, effective January 1, 1978, requires notaries employed by banks to keep a true and perfect record of notarization of titles and deeds of trust or whether such transactions are exempt from such requirement because the documents become public records.
Section 15 provides:
 "Every notary shall keep a true and perfect record of his official acts, except those connected with judicial proceedings, and those for whose public record the law provides, and if required, shall give a certified copy of any record in his office, upon the payment of the fees therefor. Every notary shall make and keep an exact minute, in a book kept by him for that purpose, of each of his official acts, except as herein provided."
This section was not changed by SSHB 513. The prior identical section, Section 486.030, RSMo 1969, was repealed; however, it was re-enacted without change. In fact, the legislative history of that section indicates that it has been in effect for many years without change. Therefore, that section effects no change in the law.
We are unable to find any Missouri or other cases passing upon the point which you raise. However, it seems clear that such section excepts those records "connected with judicial proceedings, and those for whose public record the law provides." The law provides for the recording of deeds and deeds of trust in Section 59.330, RSMo. It is true, of course, that as a matter of practice not all such instruments are recorded; however, Section59.330, RSMo, requires that the proper county recorders of deeds record such instruments when they are presented to them in proper form.
We understand Section 15 to mean that notaries are not required to keep a record of official acts connected with these deeds and deeds of trust "for whose public record the law provides." However, we are also of the view that the prudent course of action is for the notary to make a practice to keep a record of any official act where a doubt exists as to whether a record is required.
Inasmuch as this question has not been decided by our courts, there may be some doubt as to the meaning of the provision in question which should be resolved by the legislature. We note that it has been held that where a notary is required by law to keep a record of his official acts and in violations of his duty he fails to do so, in consequence whereof a loss is occasioned to one who is thereby deprived of evidence that the act was performed, the notary is liable for the resulting damages. 58 Am.Jur.2d Notaries Public § 44. See also Sections 33,et seq., SSHB 513.
Very truly yours,
 JOHN ASHCROFT Attorney General